```
Jefferson T. Collins, Bar #016428
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7825
jcollins@jshfirm.com
```

Attorneys for Defendant Home Depot U.S.A., Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Richard L. Hewitt, individually,<br><br>   Plaintiff,<br><br>   v.<br><br>Home Depot U.S.A., Inc., a foreign corporation d/b/a The Home Depot, a business entity; John and Jane Does 1-10; ABC Corporations 1-10; and Black and White Entities 1-10,<br><br>   Defendants. | NO.<br><br>**DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Home Depot U.S.A., Inc. ("Answering Defendant"), by and through undersigned counsel and for their Answer to Plaintiff's Complaint, admits, denies and alleges as follows:

**PARTIES**

1. This Answering Defendant admits the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Answering Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. No affirmative response is required to paragraph 3 of Plaintiff's Complaint but, to the extent an affirmative response is required, this Answering Defendant denies same.

8835925.1

4. No affirmative response is required to paragraph 4 of Plaintiff's Complaint but, to the extent an affirmative response is required, this Answering Defendant denies same.

5. No affirmative response is required to paragraph 5 of Plaintiff's Complaint but, to the extent an affirmative response is required, this Answering Defendant denies same.

**JURISDICTION AND VENUE**

6. In response to paragraph 6 of Plaintiff's Complaint, this Answering Defendant admits jurisdiction and venue, only. This Answering Defendant denies that the events occurred as alleged in Plaintiff's Complaint.

7. To the extent the allegations contained in paragraph 7 of Plaintiff's Complaint are directed towards this Answering Defendant, they are admitted.

8. Answering Defendant admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Answering Defendant admits the allegations contained in paragraph 9 of Plaintiff's Complaint.

**GENERAL FACTUAL ALLEGATIONS**

10. Answering Defendant admits the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. In response to paragraph 11 of Plaintiff's Complaint this Answering Defendant admits it owes its business invitees a duty to warn them of, or remedy, unreasonably dangerous conditions on the premises of which it has notice. The extent the allegations contained in paragraph 11 of Plaintiff's Complaint are contrary to this common law duty, they are denied.

12. Answering Defendant admits the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. This Answering Defendant is without sufficient information to form a belief as to the allegations contained in paragraph 13 of Plaintiff's Complaint and, therefore, cannot admit or deny at this time.

14. Answering Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Answering Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. In response to paragraph 16 of Plaintiff's Complaint, this Answering Defendant denies there was an unreasonably dangerous condition in the garden center.

17. This Answering Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint and, therefore, cannot admit or deny this time.

18. Answering Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

## **COUNT ONE - NEGLIGENCE**

19. In response to paragraph 19 of Plaintiff's Complaint this Answering Defendant hereby incorporates its responses to paragraphs 1 through 18, above.

20. In response to paragraph 20 of Plaintiff's Complaint this Answering Defendant admits it owes its business invitees a duty to warn them of, or remedy, unreasonably dangerous conditions on the premises of which it has notice. The extent the allegations contained in paragraph 20 of Plaintiff's Complaint are contrary to this common law duty, they are denied.

21. Answering Defendant denies the allegations contained in paragraphs 21 through 33 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

Answering Defendant asserts the following affirmative defenses:

22. As and for a separate defense and in the alternative, this Answering Defendant alleges that the Complaint fails to state a claim upon which relief may be granted against this Answering Defendant.

23. As and for a separate defense and in the alternative, this Answering Defendant alleges that Plaintiff was contributorily negligent and/or that any injuries received by Plaintiff was the result of an intervening/superseding cause or through the negligence of someone other than this Answering Defendant, all of which bars recovery to Plaintiff herein from this Answering Defendant.

24. As and for a separate defense and in the alternative, this Answering Defendant alleges that Plaintiff was negligent in whole or in part thereby reducing or eliminating any damage owing by this Answering Defendant by way of the doctrine of comparative negligence.

25. Although this Answering Defendant does not presently have specific facts in support of the remaining defenses, it wishes to put counsel for Plaintiff upon notice that it hereby raises the following defenses which, through subsequent discovery, may indeed be supported by the facts: assumption of risk, statute of limitations, insufficiency of process and insufficiency of service of process and failure to mitigate damages.

26. As and for a separate defense, and in the alternative, this Answering Defendant alleges that it did not have notice of the allegedly dangerous condition as set forth in Plaintiff's Complaint, thereby reducing or eliminating any assessment of fault against this Answering Defendant.  In the alternative, this Answering Defendant affirmatively alleges that the accident was not the result of an unreasonably dangerous condition.

27. As and for a separate defense, this Answering Defendant asserts that Plaintiffs failed to mitigate said damages in Plaintiff's Complaint.

WHEREFORE, having fully answered the Complaint, this Answering Defendant requests that judgment be entered in its favor

    1.    Dismissing the Complaint;

    2.    Awarding this Answering Defendant its taxable costs; and

    3.    Awarding this Answering Defendant such other and further relief as this Court deems just and proper.

DATED this 13th day of October 2020.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Jefferson T. Collins
    Jefferson T. Collins
    40 North Central Avenue, Suite 2700
    Phoenix, Arizona  85004
    Attorneys for Defendant Home Depot U.S.A., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of October 2020, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Kathy Kleinschmidt